UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE DAVIS,
    Plaintiff,

-vs-                             Case No.
                                 Hon.
                                 **DEMAND FOR JURY TRIAL**

AMERICAN PROFIT RECOVERY, INC.,
    Defendant.

## COMPLAINT & JURY DEMAND

*Jacqueline Davis states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts that gave rise to the federal-law claims.

### Parties

3. The Plaintiff to this lawsuit is Jacqueline Davis, who resides in Wayne County, Michigan.

4. The Defendant to this lawsuit is American Profit Recovery, Inc. ("APR"), which is a foreign corporation doing business in Michigan at 34405 West 12

Mile Road, Farmington Hills, MI 48331.

## Venue

5. The transactions and occurrences that gave rise to this action occurred in Wayne County, Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Ms. Davis hired Stout's Landscape and Lawn Services, LLC ("Stout's") to perform landscaping services for her residence during the 2014 calendar year.

8. Ms. Davis has had only one account with Stout's.

9. Stout's issued invoices to Ms. Davis on five different occasions for services performed during the 2014 calendar year.

10. Ms. Davis paid each invoice in full and on time.

11. Prior to November 3, 2014, Stout's engaged APR to collect a debt allegedly owed by Ms. Davis to Stout's.

12. As of November 3, 2014, Ms. Davis had fully paid each of Stout's invoices and Ms. Davis owed no money to Stout's.

13. On or about November 3, 2014, APR communicated with Ms. Davis for the first time.

14. In a letter to Ms. Davis dated November 3, 2014, APR stated that Ms. Davis

had a current balance of $430.00 for an account with Stout's and that APR was contacting Ms. Davis to resolve the alleged debt.

15. On or about December 12, 2014, Ms. Davis sent a letter that disputed the alleged debt to APR.

16. Ms. Davis enclosed with the December 12, 2014 letter copies of cancelled checks that corresponded with each invoice she received from Stout's.

17. The letter dated December 12, 2014 and the enclosed copies of cancelled checks proved that Ms. Davis did not owe any money to Stout's.

18. On or about February 23, 2015, APR replied to Ms. Davis' letter with a letter ("the February 23, 2015 letter") and documentation that allegedly verified Ms. Davis' alleged debt to Stout's.

19. The February 23, 2015 letter further stated that the "current balance" for Ms. Davis' account with Stout's was $260.00.

20. The February 23, 2015 ignored the facts and documentary proof that Ms. Davis did not owe the alleged debt to Stout's.

21. APR failed to take the information and documentary proof provided by Ms. Davis and investigate whether she owed the alleged debt to Stout's.

22. Rather, APR simply contacted Stout's and forwarded the invoices from Stout's to Ms. Davis.

23. The February 23, 2015 letter simply states that "[p]er your request, enclosed is the supporting documentation for the above referenced account . . . ."

24. Despite having received proof that Ms. Davis did not owe any money to Stout's, APR misrepresented to Ms. Davis that she owed $260.00 to Stout's.

25. Despite having received proof that Ms. Davis did not owe any money to Stout's, APR attempted to collect $260.00 from Ms. Davis.

## COUNT I – Fair Debt Collection Practices Act

26. Ms. Davis incorporates the preceding allegations by reference.

27. At all times relevant to this action, APR – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. APR is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

29. At all times relevant to this action, APR sought to collect a "consumer" debt from Ms. Davis.

30. APR's actions to collect the alleged debt from Ms. Davis violated the provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e and 1692f.

31. Ms. Davis suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act

32. Ms. Davis incorporates the preceding allegations by reference.

33. APR is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

34. Ms. Davis is a "debtor" as that term is defined in M.C.L. § 339.901(f).

35. APR's actions to collect from Ms. Davis violated the MOC including, but not limited to, M.C.L. § 339.915.

36. Ms. Davis suffered damages as a result of these violations of the MOC.

37. This violation of the MOC was willful.

## COUNT III – Michigan Collection Practices Act, as alternative to claims under the Michigan Occupational Code

38. Ms. Davis incorporates the preceding allegations by reference.

39. APR is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

40. APR's actions to collect from Ms. Davis violated the MCPA including, but not limited to, M.C.L. § 445.252.

41. Ms. Davis suffered damages as a result of these violations of the MCPA.

42. This violation of the MCPA was willful.

## Demand for Jury Trial

43. Ms. Davis demands trial by jury in this action.

## Demand For Judgment for Relief

44. *Accordingly, Ms. Davis requests that the Court grant:*

   a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b. *Statutory damages.*

   c. *Treble damages.*

   d. *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Jacqueline Davis
24500 Northwestern Highway, Ste. 206
Southfield, Michigan 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: July 28, 2015